IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL STAFFIERO,

      Plaintiff,                        No. CIV S-07-1464 MCE DAD P

      vs.

CA SUBSTANCE ABUSE
TREATMENT FACILITY, et al.,

      Defendants.                <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and, pursuant to this court's August 1, 2007 order, has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.[1]

/////

---

[1] On August 15, 2007, plaintiff filed a motion to compel the inmate trust officer at the California Substance Abuse Treatment Facility to certify and return his application to proceed in forma pauperis. Plaintiff has since filed his application and the court will grant plaintiff leave to proceed in forma pauperis. Accordingly, plaintiff's motion to compel will be denied as moot.

1

1	Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See
2	28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $75.77 will be assessed by this
3	order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate
4	agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to
5	the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of
6	twenty percent of the preceding month's income credited to plaintiff's prison trust account.
7	These payments will be collected and forwarded by the appropriate agency to the Clerk of the
8	Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
9	full. See 28 U.S.C. § 1915(b)(2).

10	The court is required to screen complaints brought by prisoners seeking relief
11	against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C.
12	§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
13	claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
14	granted, or that seek monetary relief from a defendant who is immune from such relief. See 28
15	U.S.C. § 1915A(b)(1) & (2).

16	A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
17	Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
18	(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
19	indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
20	490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
21	pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
22	Cir. 1989); Franklin, 745 F.2d at 1227.

23	Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
24	plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
25	defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
26	Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
/////

in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his complaint, plaintiff identifies as defendants John Dovey, Director of Adult Institutions; James Tilton, Secretary of the California Department of Corrections and Rehabilitation (CDCR); Ken Clark, Warden at the California Substance Abuse Treatment Facility and State Prison ("CSAT-F/SP"); Sampath Suryadevara, Chief Medical Officer at CSAT-F/SP; John/Jane DOE, RN at CSAT-F/SP; Olga Beregovskaya, Physician at CSAT-F/SP; DOES 1-5, successors of Director John Dovey; DOES 6-11, individuals other than the Acting Director or Director of CDCR who were or are currently responsible for medical care of all inmates at CSAT-F/SP.

Plaintiff alleges that he entered the prison system in approximately April of 1978. Plaintiff further alleges that he did not have hepatitis C when he entered prison, but was subsequently diagnosed with it in 1990.  Plaintiff alleges that he was never informed, educated, or advised by CDCR staff about risky behavior that could put him in danger of contracting diseases.  For example, plaintiff notes that he received numerous rules violation reports for tattooing, but was not advised of the possible consequences of such behavior.  Similarly, plaintiff notes that he was employed as a butcher in prison from 1986 through 1988 and cut himself numerous times, but was not advised of the possible contamination of the food.

Plaintiff alleges that, after he was diagnosed with hepatitis C, no one informed him about any possible treatments or the consequences of not treating the disease.  In 1992, plaintiff finally pursued treatment and was sent to California Medical Facility for a biopsy.  The primary care giver was not ready to perform the biopsy, so plaintiff was returned to Mule Creek State Prison, where he was then housed.

Plaintiff alleges that upon his arrival at the California Substance Abuse Treatment Facility and State Prison, he submitted numerous requests for medical attention and finally saw defendant Dr. Olga Beregovskaya.  Plaintiff asserts that Dr. Beregovskaya determined that

plaintiff's hepatitis C condition was at "phase four" and he had less than five years to live. She then placed plaintiff on a series of vitamins and medications. However, plaintiff alleges, his condition continued to worsen. Dissatisfied, plaintiff requested further treatment, including a liver transplant and a regimen of interferon. Plaintiff claims that he has been denied medical treatment for the past 17 years. He seeks injunctive relief, damages, attorneys fees, costs of the suit, and other relief the court deems just and proper.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. In this regard, plaintiff makes broad allegations regarding conditions of his confinement and failure of prison officials to provide warnings to him spanning the past twenty years but he fails to allege facts connecting any of the named defendants to any claimed violation of his constitutional rights. The same is true with respect to plaintiff's allegations regarding the medical care he has received since the diagnosis of his hepatitis C condition. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In particular, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of his Eighth Amendment rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo

v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  For example, plaintiff identifies James Tilton as a defendant, but never explains how Secretary Tilton was involved in plaintiff's medical care or lack thereof.  Similarly, plaintiff identifies Sampath Suryadevara as a defendant, but fails to allege any facts explaining how Dr. Suryadevara deprived plaintiff of his constitutional rights.  Plaintiff is advised that vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a cognizable claim.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is further advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 4, 2007 application to proceed in forma pauperis is granted;

1          2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $75.77. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

          3. Plaintiff's September 4, 2007 complaint is dismissed.

          4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

          5. Plaintiff's August 15, 2007 motion to compel is denied as moot.

DATED: October 9, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stafl464.14