IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL STAFFIERO,

    Plaintiff,

vs.

No. CIV S-07-1464 MCE DAD P

CA SUBSTANCE ABUSE
TREATMENT FACILITY, et al.,

    Defendants.

ORDER AND

FINDINGS AND RECOMMENDATIONS

/

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Counsel on behalf of defendant Olga Beregovskaya, M.D. has filed a motion to dismiss, arguing that plaintiff failed to exhaust available administrative remedies prior to bringing this action and that his claims against defendant Beregovskaya in her official capacity are barred by the Eleventh Amendment. Plaintiff has filed a timely opposition, and defendant has filed a timely reply.

**BACKGROUND**

    Plaintiff is proceeding on an amended complaint solely against defendant Beregovskaya. Therein, he alleges as follows. Since 1991, plaintiff has suffered from hepatitis C. While housed at California Substance Abuse Treatment Facility in 2006 through 2007, plaintiff requested treatment from defendant Beregovskaya, but she informed him that his disease

1

was at stage four and it was therefore too late for him to receive any form of treatment. Plaintiff alleges that he requested a liver transplant and a regimen of interferon with Ribavirin and/or Pegasys, but defendant Beregovskaya denied his requests and told him that he only had five years to live. Plaintiff only receives Vitamin C, Neomycin, and iron tablets, and has not received any meaningful treatment for his disease. (Am. Compl. at 3.)

Plaintiff claims that defendant Beregovskaya has been deliberately indifferent to his medical needs in violation of the Eighth Amendment. He requests injunctive and monetary relief. (Am. Compl. at 1.)

## DEFENDANT'S MOTION TO DISMISS

I. Defendant's Motion

Counsel for defendant Beregovskaya argues that plaintiff's action should be dismissed because he brought this suit prior to exhausting available administrative remedies. Specifically, counsel contends that plaintiff alleges in his complaint that he only completed the informal level of review of the prison administrative grievance process. Based on plaintiff's allegations, counsel contends that plaintiff did not complete the three-step formal administrative review process required by the Prison Litigation Reform Act for California prisoners. (Def.'s Mot. to Dismiss at 3-6.)

Counsel for defendant Beregovskaya also argues that the Eleventh Amendment bars plaintiff's claims to the extent that he has sued the defendant in her official capacity. Specifically, counsel contends that the Eleventh Amendment bars a federal action for monetary damages against a state official acting in his or her official capacity in the same way it bars an action against a state. (Def.'s Mot. to Dismiss at 6-7.)

II. Plaintiff's Opposition

In opposition to the pending motion to dismiss, plaintiff argues that he has exhausted his administrative remedies through the director's level of review as required. He has attached to his opposition as exhibits Appeal No. SAT-F-07-03335 and Appeal No. SAT-F-07-

04451 and prison officials' responses thereto. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 2 & Exs. A & B.)

In addition, plaintiff argues that he has sued defendant Beregovskaya in her official capacity for injunctive relief and her individual capacity for monetary relief. Plaintiff argues that defense counsel's immunity argument therefore fails. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 3-4.)

III. Defendant's Reply

In reply, counsel for defendant Beregovskaya reiterates that plaintiff's complaint fails to allege facts establishing that he exhausted his administrative remedies. In addition, counsel contends that plaintiff's opposition includes facts and documents that are irrelevant to resolving the pending motion to dismiss because they are outside of the record. Defense counsel contends, however, that plaintiff's opposition provides grounds to grant defendant's motion to dismiss with leave to amend. (Def.'s Reply at 3-4.)

Counsel for defendant Beregovskaya also reiterates that plaintiff's claims against the defendant in her official capacity are not actionable because a state official acting in official capacity is immune under the Eleventh Amendment. Counsel also contends that a state official acting in official capacity is not a "person" for purposes of § 1983. (Def.'s Reply at 2-3.)

IV. Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

/////

1      The U.S. Supreme Court has ruled that exhaustion of prison administrative
2 procedures is mandated regardless of the relief offered through such procedures. Booth v.
3 Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against reading
4 futility or other exceptions into the statutory exhaustion requirement.  Id. at 741 n.6.  Moreover,
5 because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion
6 requirement by filing an untimely or otherwise procedurally defective administrative grievance or
7 appeal.  Woodford v. Ngo, 548 U.S. 81, 92-93 (2006).

8      In California, prisoners may appeal "any departmental decision, action, condition,
9 or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code
10 Regs. tit. 15, § 3084.1(a).  Most appeals progress from an informal review through three formal
11 levels of review.  See Cal. Code Regs. tit. 15, § 3084.5.  A decision at the third formal level, also
12 referred to as the director's level, is not appealable and will conclude a prisoner's administrative
13 remedy.  Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  A California prisoner is
14 required to submit an inmate appeal at the appropriate level and proceed to the highest level of
15 review available before filing suit.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005);
16 Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

17      The PLRA exhaustion requirement is not jurisdictional but rather creates an
18 affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion.  See
19 Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to specially plead or
20 demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th
21 Cir. 2003).  The defendants bear the burden of raising and proving the absence of exhaustion.
22 Wyatt , 315 F.3d at 1119.  "In deciding a motion to dismiss for a failure to exhaust nonjudicial
23 remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id.  "I[f]
24 the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss
25 for failure to exhaust–a procedure closely analogous to summary judgment–then the court must
26 /////

assure that [the prisoner] has fair notice of his opportunity to develop a record."¹ Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), cert. denied __ U.S. __, 127 S. Ct. 1212 (2007). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

V. Discussion

The undersigned finds that defendant Beregovskaya has failed to meet her burden of raising and proving that plaintiff failed to exhaust his administrative remedies with respect to his inadequate medical care claims against her prior to filing suit. Specifically, defense counsel's failure to exhaust argument is based solely on the allegations of plaintiff's complaint. However, as noted above, it is well established that plaintiff is not required to specially plead or demonstrate exhaustion in his complaint. It is also well established that the defendant bears the burden of proving the affirmative defense of failure to exhaust administrative remedies. Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1119 & n.13.

Plaintiff has submitted to court, with his opposition to defendant's motion to dismiss, copies of two inmate appeals related to the claims at issue here.

In Appeal No. SAT-F-07-03335, at the informal level of review, plaintiff wrote:

> **Describe Problem:** I have been diagnosed by medical staff with having hepatitis "C" positive. I first became aware of this condition in about 1992. I have been incarcerated since July 10, 1977 on a sentence of 7 years to life with the possibility of parole. I did not have hepatitis "C" when I came to prison. I contracted the virus (hep C) while under the care of the California Department of Corrections. I was never informed, advised or otherwise told by CDC Staff about hepatitis "C" and the risks involved while incarcerated. In fact, I was made to share and use personal hygiene items such as finger nail clippers, toe nail clippers, hair clippers and razors with other inmates up until 1989 while in Corcoran

---

¹ Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on January 2, 2008. (Order filed Jan. 2, 2008 at 3-4).

1  SHU (Security Housing Unit) (4B2R and 4A4R).  I was never
2  educated nor informed of the fatal consequences associated with sharing these personal hygiene items with other inmates and in fact was told just the opposite by staff and given these items to use
3  upon myself.

4  Staff knew or should have known of the possible potential of contamination through these items and should have advised me of
5  it.

6  **Action Requested:**  I request that I be given a complete liver transplant; all medical attention that I need and monetary
7  compensations for pain and suffering and to cover future medical complications associated with this condition.  Please provide
8  medical treatment forthwith.  Thank you!

9  (Pl.'s Opp'n to Def.'s Mot. to Dismiss, Ex. A.)

10  Similarly, in Appeal No. SAT-F-07-04451, at the informal level of review,

11  plaintiff wrote:

12  **Describe Problem:** I was perscribed [sic] Neomycin Sulfate 500 miligrams [sic] 4 tablets per day for a total of 2000 miligrams per
13  day to be taken for the next six months up until February 2008 and thereafter for the rest of my life, by Dr. Olga Beregovskaya, M.D.
14  However, after further investigation I discovered that Neomysin Sulfate can not be taken for more than two weeks.  The amount I
15  had taken caused me dizziness, vomiting and toxicity to where I became extremely sick.  Dr. Olga Beregovskaya is currently a
16  Defendant in a Civil Rights complaint I have filed in the Eastern District Court of California.

17
**Action Requested:** That I be refered [sic] to a professional
18  /specialists gastroenterologists [sic] with experience in treating liver failure and that I no longer be treated by Dr. Olga
19  Beregovskaya because of the conflict of interest that exists.

20  (Pl.'s Opp'n to Def.'s Mot. to Dismiss, Ex. B.)

21  Plaintiff has attached to the copies of his inmate appeals prison officials'

22  responses thereto.  Plaintiff pursued both appeals through the informal and formal levels of

23  review, all the way to the director's level of review.  The court is puzzled by defense counsel's

24  failure to offer any analysis whatsoever of Appeal Nos. SAT-F-07-03335 and SAT-F-07-04451

25  in the motion to dismiss or in the reply in support thereof.  Defense counsel merely insists that,

26  because plaintiff's complaint does not allege exhaustion of administrative remedies, the court

should grant the pending motion. In this regard, defense counsel has mischaracterized the law and has failed to prove an absence of exhaustion. Accordingly, under the circumstances here, the court concludes that defendant's motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies should be denied.

VI. Immunity

The Eleventh Amendment bars plaintiff's claims for monetary relief to the extent that they are based on acts engaged in by defendant Beregovskaya in her official capacity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Nesbit v. Dep't of Pub. Safety, 283 Fed. Appx. 531, 533, 2008 WL 2490440, *1 (9th Cir. June 23, 2008) (concluding that the district court properly dismissed prisoners' claims against defendants acting in their "official capacities").[2] The United States Supreme Court has held that state officials acting in their official capacities are not "persons" under § 1983. Will, 491 U.S. at 71. The Court reasoned that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Id. The Court concluded that such a suit is therefore no different from a suit against the state itself. Id. Accordingly, to the extent that plaintiff seeks monetary damages from defendant Beregovskaya based upon acts taken in her official capacity, defendant's motion to dismiss should be granted.[3]

However, the Eleventh Amendment does not bar plaintiff's claims for prospective injunctive relief against defendant Beregovskaya in her official capacity. See Will, 491 U.S. at 71 n.10. "When sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes." Doe v. Lawrence Lovermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997) ("a suit for prospective injunctive relief provides a narrow, but well-

---

[2] Citation to this unpublished decision is appropriate under Ninth Circuit Rule 36-3(b).

[3] In his amended complaint, plaintiff has sued defendant Beregovskaya in her official and individual capacity. Insofar as plaintiff seeks monetary damages from defendant Beregovskaya in her individual capacity, he may proceed on his claims.

established, exception to Eleventh Amendment immunity"). See also Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003) ("suits against an official for prospective relief are generally cognizable, whereas claims for retrospective relief (such as damages) are not"). Accordingly, to the extent that plaintiff seeks prospective injunctive relief with respect to defendant Beregovskaya in her official capacity, defendant's motion to dismiss should be denied.

**OTHER MATTERS**

Plaintiff has filed an unauthorized response to defendant's reply. Defendant has filed a motion to strike plaintiff's unauthorized response which plaintiff has opposed. Plaintiff is advised that defendant's motion to dismiss was deemed submitted for decision when the defendant's reply was filed. See Local Rule 78-230(m). Plaintiff's response to defendant's reply was neither proper nor necessary. Accordingly, the court will grant defendant's motion to strike.

Plaintiff has also filed a motion to amend his complaint together with a proposed second amended complaint. In his motion, plaintiff explains that the purpose of his amendment is to add as defendants Chief Medical Officer (Acting) Sampath Suryadevara; Chief Medical Officer (Acting) B. Barnett; Correctional Health Care Administrator II Gail Martinez; and N. Grannis of the Inmate Appeals Branch. In his proposed second amended complaint, plaintiff claims that these newly-identified individuals have also violated his rights under the Eighth Amendment. Specifically, he claims that the proposed new defendants "had the opportunity to grant Plaintiffs' [sic] administrative appeal and resolve the issue herein by providing medical care to plaintiff but refused to do so through the appeal process." (Sec. Am. Compl. at 5.)

Under Rule 15 of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course . . . ." In all other instances, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). See also Local Rule 15-220. A court should grant leave to amend freely when justice so requires. Fed. R. Civ. P. 15(a). The Supreme Court has instructed lower courts to heed carefully the

8

1  command of Rule 15.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  This liberality in granting

2  leave to amend is not dependent on whether the amendment will add new parties.  DCD

3  Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  Rather, as the Supreme Court has

4  articulated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

9  Foman, 371 U.S. at 182.  See also Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999).

10          Here, the court finds that it would be futile for plaintiff to amend his complaint.

11  Specifically, the allegations in plaintiff's proposed second amended complaint against the newly-

12  identified defendants are so vague and conclusory that the court is unable to determine whether

13  they are frivolous or fail to state a claim for relief.  Plaintiff claims that the newly-identified

14  defendants have been deliberately indifferent to his medical needs in violation of the Eighth

15  Amendment.  However, in his proposed second amended complaint plaintiff has failed to allege

16  in specific terms how each defendant was involved in the denial of his medical care.  In this

17  regard, plaintiff has not alleged facts demonstrating how these defendants' actions rose to the

18  level of "deliberate indifference."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  There can be no

19  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

20  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

21  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

22  1978).  Vague and conclusory allegations of official participation in civil rights violations are not

23  sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24          Moreover, to the extent that plaintiff seeks to name the newly-identified

25  defendants based solely on their involvement in the prison administrative appeals process,

26  plaintiff fails to state a cognizable claim.  It is well established that "inmates lack a separate

constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the court will deny plaintiff's motion for leave to amend without prejudice and disregard plaintiff's proposed second amended complaint. The case will proceed on plaintiff's December 3, 2007 first amended complaint only against defendant Beregovskaya.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Defendant's June 3, 2008 motion to strike (Doc. No. 25) is granted;

2. Plaintiff's May 22, 2008 unauthorized response to defendant's reply (Doc. No. 24) is stricken;

3. Plaintiff's June 20, 2008 motion to amend his complaint (Doc. No. 27) is denied without prejudice; and

4. Plaintiff's June 20, 2008 proposed second amended complaint (Doc. No. 28) is disregarded.

IT IS HEREBY RECOMMENDED that defendant's April 23, 2008 motion to dismiss (Doc. No. 20) be granted in part and denied in part as follows:

1. Defendant's motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies prior to filing suit be denied;

2. Defendant's motion to dismiss plaintiff's complaint to the extent that it seeks monetary damages from defendant Beregovskaya in her official capacity be granted; and

3. Defendant's motion to dismiss plaintiff's complaint to the extent that it seeks injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 5, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
staff1464.57